UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Charles Jay Wolff</u>

   v.                                      Civil No. 06-cv-321-PB

<u>New Hampshire Department
of Corrections, et al.</u>

**O R D E R**

Pro se plaintiff Charles Jay Wolff has filed a complaint, pursuant to 42 U.S.C. § 1983, alleging that he has been denied religious dietary restrictions, including a Kosher diet, while incarcerated at the New Hampshire State Prison ("NHSP") (document nos. 5 and 7). Named as defendants are the New Hampshire Department of Corrections ("NHDOC") and two NHSP employees, Gency Morse and James Daley. Also filed is a motion for appointment of counsel (document no. 6).

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). For the reasons stated below, I order Wolff to amend his complaint to demonstrate whether and to what extent he

has exhausted the claims raised in his complaint.[1]  His motion for appointment of counsel is denied without prejudice to it being renewed at a later date should circumstances warrant renewal.

### Standard of Review

In reviewing a pro se complaint, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)

---

[1] In the alternative, Wolff may file with this Court a voluntary notice of dismissal pursuant to Fed. R. Civ. P. 41(a), which provides in relevant part:

> [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.  Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Fed. R. Civ. P. 41(a).

(explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

## Discussion

I.   Exhaustion of Administrative Remedies

Wolff brings this action pursuant to Section 1983, which creates a cause of action against those who, acting under color of state law, violate federal law.  See 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981); Rodriguez-Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir. 1997).  The Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prisons conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*.

42 U.S.C. § 1997e(a)(emphasis added).

As the Supreme Court has recently held in Woodford v. Ngo, __ U.S. __, 126 S. Ct. 2378, 2382 (2006), "A centerpiece of the PLRA's effort 'to reduce the quantity . . . of prisoner suits' is an 'invigorated' exhaustion provision, § 1997e(a).  Id. (quoting Porter v. Nussle, 534 U.S. 516, 524 (2002)).  Prisoners must

exhaust even where the relief sought cannot be granted in the administrative process.  Ngo, 126 S.Ct. At 2382-83.  See also Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)(holding that an inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement).  "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Id. at 2387.

   However, the exhaustion requirement is not jurisdictional. Id. at 2387.  "If administrative remedies are not available to an inmate, then the inmate cannot be required to exhaust.  Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006)."  Therefore, "[c]orrections officials concerned about maintaining order in their institutions have a reason for creating and retaining grievance systems that provide -- and that are perceived by prisoners as providing -- a meaningful opportunity for prisoners to raise meritorious grievances."  Ngo, at 2392.  Because the PLRA does not say when a process is available, courts must apply the ordinary meaning of the term.  See Kaba, 458 F.3d at 684

(citing <u>Asgrow Seed Co. V. Winterboer</u>, 513 U.S. 179, 187 (1995)). "In <u>Ngo</u>, the Supreme Court rejected the idea . . . that a process becomes unavailable because the prisoner does not comply with the procedural rules and therefore cannot obtain relief, and required courts to look at the reason why the administrative process is unavailable." <u>Kaba</u>, 458 F.3d at 684 (quoting <u>Ngo</u>, 126 S.Ct. at 2387, 2392-93)). "Thus, when the prisoner causes the unavailability of the grievance process by simply not filing a grievance in a timely manner, the process is not unavailable but rather forfeited." <u>Id.</u> At 684. On the other hand, when prison officials prevent inmates from using the administrative process, that process becomes unavailable. <u>Id</u>. (citing <u>Dale v. Lappin</u>, 376 F.3d 652, 655 (7th Cir. 2004)(holding that where prison officials failed to provide inmates with the necessary form to file an administrative grievance, administrative remedies are not available.") and <u>Brown v. Croak</u>, 312 F.3d 109-111-12 (3d. Cir. 202)(holding that administrative remedies were unavailable where prison officials erroneously told prisoner that he must wait until the investigation was complete before filing a grievance)).

Viewing the allegations in the light most favorable to Wolff, I cannot conclude that he has demonstrated exhaustion of

administrative remedies with regard to each claim raised in his complaint.  He filed the instant complaint on August 29, 2006 and alleges that at least some of the violations therein are ongoing and/or continued until the time of his filing.  It appears, therefore, that at least as to the violations alleged to have occurred at the time of filing, that Wolff could not have fully exhausted those claims through the prison administrative grievance procedures prior to filing this action.  While Wolff has stated in correspondence that he "has completed [his] grievance process" (document no. 3), there is no indication that he sought administrative review or pursued the administrative grievance procedures available to him at the NHSP.  Thus, it is not clear on the face of the complaint that he has attempted to exhaust the administrative grievance procedures available to him prior to filing this action.  However, the complaint does not exclude the possibility that he may have exhausted other claims raised in his complaint.

II. <u>Appointment of Counsel</u>

Wolff has filed a motion for appointment of counsel which, construed liberally, alleges that in light of the legal complexity of his case he cannot adequately represent himself

(document no. 6).  An indigent litigant must show that exceptional circumstances exist to justify appointment of counsel, such that without counsel the litigant most likely would be unable to obtain due process of the law.  See DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991).  "In determining whether the circumstances are 'exceptional,' courts have considered such factors as the merits of the case, the litigant's capability of conducting a factual inquiry, the complexity of the legal and factual issues, and the ability of the litigant to represent [himself]."  Weir v. Potter, 214 F. Supp. 2d 53, 54 (D. Mass. 2002)(citing Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986)).

   While Wolff maintains that he is unable to represent himself adequately, he has not demonstrated an inability to litigate or other exceptional circumstances to justify the appointment of counsel.  He has filed a complaint in which he has sufficiently presented his claims and alerted this Court to the federal violations at issue.  At this preliminary stage in the proceedings, appointment of counsel does not appear to be necessary.  Having considered Wolff's circumstances and the applicable law regarding his rights to legal representation, I deny his motion without prejudice to it being renewed at a later

7

date should circumstances warrant renewal.

## Conclusion

For the reasons stated above, it is not clear on the face of the complaint whether or not Wolff has exhausted each of the claims raised in his complaint. Accordingly, I direct him to amend his complaint within thirty days of the date of this order to demonstrate, with specificity, whether and to what extent each claim has been exhausted through the administrative grievance process.[2] If he cannot demonstrate exhaustion for each claim, I will recommend to the District Judge that the unexhausted claims be dismissed without prejudice to refiling after they have been properly exhausted through prison grievance procedures. See 42 U.S.C. § 1997e(c)(1) (requiring the Court to dismiss a prison conditions action *sua sponte* if the Court is satisfied that the plaintiff has failed to state a claim upon which relief might be

---

[2] In the alternative, Wolff may file with this Court a voluntary notice of dismissal pursuant to Fed. R. Civ. P. 41(a), as explained more fully above.

granted); LR 4.3(d)(2)(A).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: October 19, 2006

cc:   Charles Jay Wolff, pro se