UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Charles Jay Wolff</u>

   v.                     Civil No. 06-cv-321-PB

<u>New Hampshire Department
of Corrections, et al.</u>

**O R D E R**

Pro se plaintiff Charles Jay Wolff brings this action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq. ("RLUIPA"). Construed liberally, the complaint alleges that defendants have denied Wolff a kosher diet consistent with his faith, thereby abridging his right to freely exercise his religion and substantially burdening his religious practices (document nos. 5, 7 and 10). Named as defendants are the New Hampshire Department of Corrections ("NHDOC")[1] and three NHSP employees: Jeff Perkins, Director of Food Services; Gency Morse; and James Daly.

The complaint is before me for preliminary review to

---

[1] I construe the claims against the NHDOC as claims against the NHDOC Commissioner, William L. Wrenn, in his representative capacity.

determine whether, among other things, it states a claim upon which relief may be granted.  See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated in the report and recommendation issued simultaneously herewith, I conclude that Wolff has stated Section 1983 and RLUIPA claims against Wrenn, Perkins and Daly based on the denial of free exercise of religion and the substantial burden on religious practices.

     As I find that plaintiff has stated a claim upon which relief may be granted, I order the complaint be served on the defendants.  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order and the complaint (document nos. 5, 7 and 10).  See LR 4.3(d)(2)(C). Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

     As to those defendants who do not authorize the AG's office

to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants. The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service. See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: January 26, 2007

cc: Charles Jay Wolff, pro se