UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Charles Jay Wolff**

    **v.**                                Civil No. 06-cv-321-PB
                                         **Opinion No. 2008 DNH 127**

**Jeff Perkins**


**O R D E R**

Charles Wolff, a prisoner at the New Hampshire State Prison ("NHSP"), brought claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc et seq. and 42 U.S.C. § 1983 for violation of his First Amendment right to free exercise of religion. On April 2, 2008, I granted defendants' motion for summary judgment with respect to Wolff's First Amendment claims and allowed defendants thirty days to file a supplementary motion for summary judgment on Wolff's RLUIPA claim. Defendants filed a supplementary motion in a timely fashion, and, for the reasons stated below, defendants' supplementary motion for summary judgment is granted.

The only remaining claim in this case is that Jeff Perkins, NHSP Food Service Supervisor, violated RLUIPA when, acting in his official capacity, he revoked Wolff's Kosher meal privileges in accordance with New Hampshire Department of Corrections Policy and Procedure Directive ("PPD") No. 7.17.[1]  Because Wolff is suing a state agent in his official capacity, he is limited by the Eleventh Amendment to prospective injunctive relief only.[2]  Wolff's claims for monetary relief were dismissed in Magistrate Judge Muirhead's Report and Recommendation of January 26, 2007, which I approved on February 20, 2007.

In his motion for summary judgment, Perkins has presented evidence that PPD No. 7.17 was significantly revised in 2007, while Wolff's suit was pending.  Prior to revision, the PPD permitted prison officials to revoke an inmate's religious diet

---

[1] Wolff initially brought this RLUIPA claim against Commissioner William Wrenn of the New Hampshire Department of Corrections, Perkins, and prison chaplain Deacon James Daly, each in their official capacities.  As noted in my Order of April 2, 2008, Wolff orally dismissed his claim against Daly at the preliminary injunction hearing before Magistrate Judge Muirhead on August 1, 2007.  On June 25, 2007, Wolff moved to dismiss Wrenn as a defendant; I granted this motion on November 8, 2007.

[2] On July 2, 2007, Wolff moved to amend his complaint to assert claims against Perkins and others in their individual capacities; I denied this motion on November 8, 2007.

for six months if the inmate was found to have violated the requirements of the diet.  After the revisions, PPD 7.17 provides that if an inmate is believed to be violating his religious diet, the only repercussion for the inmate is required counseling with the prison chaplain.  After the third "offense," the chaplain reevaluates the sincerity of the inmate's religious belief.  Four offenses within a two year period may result in suspension of the diet.

Wolff brought a RLUIPA claim against Perkins because, acting under the prior version of PPD 7.17, Perkins revoked Wolff's Kosher diet for approximately one week in June 2006 in response to reports and observations about Wolff's consumption of non-Kosher food.  Wolff argued in his complaint that this restriction violated RLUIPA because it placed a substantial burden on the exercise of his religion.

It is undisputed that Wolff's Kosher diet has been restored, and Perkins has testified that he will not revoke Wolff's Kosher diet again, as he no longer has the authority to revoke an inmate's religious diet under the revised PPD.  Therefore, Wolff's claim for prospective injunctive relief is moot.  For this reason, defendant's supplemental motion for summary judgment

(Doc. No. 155) is granted.  The clerk is directed to enter judgment accordingly.

    SO ORDERED.

                                         <u>/s/Paul Barbadoro</u>
                                         Paul Barbadoro
                                         United States District Judge

July 21, 2008

cc:   Charles Jay Wolff, pro se
      Deborah Weissbard, Esq.